IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Thomas D. BAEHR, Attorney at Law.

BOARD OF ATTORNEYS PROFESSIONAL RESPONSIBILITY,
Complainant,

v.

Thomas D. BAEHR, Respondent.

Supreme Court

*No. 99–1570–D. Filed February 9, 2000.*

## 2000 WI 8

(Also reported in 605 N.W.2d 523.)

¶ 1. PER CURIAM. We review the recommendation of the referee that the license of Thomas Baehr to practice law in Wisconsin be suspended for 90 days as discipline for professional misconduct. Attorney Baehr failed to take any action on behalf of an incarcerated client he was appointed by the State Public Defender to represent on appeal and on a claim of ineffective assistance of his previous counsel, did not communicate in any way with that client, and failed to respond to numerous requests for information from the Board of Attorneys Professional Responsibility (Board) and the district professional responsibility committee concerning his conduct in the client's matter.

¶ 2. We determine that the egregious nature of Attorney Baehr's professional misconduct in his client's matter and with the investigating authorities warrants the suspension of his license to practice law for 90 days. By that conduct, Attorney Baehr established a serious breach of his professional obligations to those he has undertaken to represent in the legal system and of his professional duty to cooperate with those this court has charged with investigating and prosecuting alleged lawyer professional misconduct. That suspension should be sufficient to impress upon Attorney Baehr the seriousness of his professional

obligations and deter others from engaging in similar misconduct.

¶ 3. Attorney Baehr was licensed to practice law in Wisconsin in 1985 and practices in Stevens Point. He has not been the subject of a prior disciplinary proceeding. The referee, Attorney Cheryl Rosen Weston, made findings of fact based on Attorney Baehr's admissions to each allegation of the Board's complaint.

¶ 4. After being appointed in June 1997 by the Public Defender to represent on appeal a client who was incarcerated following revocation of his probation, Attorney Baehr took no action in the client's matter. He neither acknowledged nor responded to two letters from the client requesting information about the status of the appeal, and he did not return two telephone calls from the client's mother that were made at the client's request. Attorney Baehr filed nothing with the court in connection with the representation of the client and never contacted either the client or his mother. Approximately 17 months after Attorney Baehr had been appointed to represent him on appeal, the client retained private counsel to do so.

¶ 5. In January 1998, the Board sent Attorney Baehr a copy of the grievance the client had filed and requested a written response. When no response was received, the Board sent a second letter, to which Attorney Baehr did not respond. The Board then referred the matter to the district professional responsibility committee for further investigation. Attorney Baehr did not return three telephone calls or respond to two letters from the committee investigator, nor did he return the call of a third party the Board had asked to contact him.

¶ 6. On the basis of those facts, the referee concluded that by failing to file for any extension of time to

review his client's case, file a no-merit report within six months, or take any other action on behalf of the client, Attorney Baehr failed to act with reasonable diligence and promptness in representing the client, in violation of SCR 20:1.3.[1] His not communicating in any manner with the client, including his failure to respond to letters and telephone messages from the client and the client's mother, violated SCR 20:1.4(a),[2] which requires a lawyer to keep a client reasonably informed of the status of a matter and comply promptly with reasonable requests for information. Attorney Baehr's failure to discuss or evaluate appellate issues and options with the client violated his duty under SCR 20:1.4(b)[3] to explain a matter to the extent reasonably necessary to permit a client to make informed decisions regarding the attorney's representation. Finally, his failure to respond to letters and telephone messages from the Board and the district committee constituted a failure to cooperate with the Board's investigation, in violation of SCR 21.03(4) and 22.07(2).[4]

[1] SCR 20:1.3 provides:

**Diligence.**
A lawyer shall act with reasonable diligence and promptness in representing a client.

[2] SCR 20:1.4(a) provides:

(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

[3] SCR 20:1.4(b) provides:

(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

[4] SCR 21.03(4) provides:

(4) Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of

¶ 7. As discipline for that misconduct, the referee recommended that Attorney Baehr's license to practice law be suspended for 90 days. The referee explicitly based that recommendation on the injury Attorney Baehr's conduct caused his client. As he was indigent and incarcerated, the client was unable to visit Attorney Baehr in person and demand services to which he was entitled; he could not conveniently discharge him and hire other counsel. The referee considered "extreme" Attorney Baehr's failure to cooperate with the Board in its investigation into his conduct. The Board and the district committee repeatedly notified him of his obligation to cooperate, but he chose repeatedly to ignore them. The referee considered a significant license suspension necessary to deter others from engaging in similar misconduct.

¶ 8. We adopt the referee's findings of fact and conclusions of law and determine that the appropriate discipline for Attorney Baehr's professional misconduct is a 90-day license suspension. We also require that Attorney Baehr pay the costs of this disciplinary proceeding, as the referee recommended.

grievances and complaints filed with or by the board or administrator.

SCR 22.07(2) provides:

(2) During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

¶ 9.   IT IS ORDERED that the license of Thomas D. Baehr to practice law in Wisconsin is suspended for 90 days, commencing March 20, 2000.

¶ 10.   IT IS FURTHER ORDERED that within 60 days of the date of this order, Thomas D. Baehr pay to the Board of Attorneys Professional Responsibility the costs of this proceeding, provided that in the event the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Thomas D. Baehr to practice law in Wisconsin shall remain suspended until further order of the court.

¶ 11.   IT IS FURTHER ORDERED that Thomas D. Baehr comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.