In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Thomas D. BAEHR, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Thomas D. BAEHR, Respondent.

Supreme Court

*No. 01–1959–D. Decided February 26, 2002.*

2002 WI 17

(Also reported in 639 N.W.2d 708.)

¶ 1. PER CURIAM. We review the stipulation filed by Attorney Thomas D. Baehr and the Office of Lawyer Regulation (OLR) pursuant to SCR 22.12[1] setting forth findings of fact and conclusions of law regarding Attorney Baehr's professional misconduct in failing to keep a client reasonably informed about the status of a matter; willfully failing to cooperate with

---

[1] SCR 22.12 provides: Stipulation

(1) The director may file with the complaint a stipulation of the director and the respondent to the facts, conclusions of law regarding misconduct, and discipline to be imposed. The supreme court may consider the complaint and stipulation without the appointment of a referee.

(2) If the supreme court approves a stipulation, it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline.

(3) If the supreme court rejects the stipulation, a referee shall be appointed and the matter shall proceed as a complaint filed without a stipulation.

(4) A stipulation rejected by the supreme court has no evidentiary value and is without prejudice to the respondent's defense of the proceeding or the prosecution of the complaint.

OLR grievance investigations; failing, upon termination of the representation, to take steps to the extent reasonably practicable to protect a client's interest; and failing to act with reasonable diligence and promptness in representing a client. The parties also stipulated to a six-month suspension of Attorney Baehr's license to practice law and the requirement that he make restitution of $500 to one client as discipline for his misconduct. We also review the report and recommendation of the referee, Cheryl Rosen Weston, approving the stipulation and recommending that the discipline proposed by the parties be accepted by the court.

¶ 2.   We approve the stipulation and adopt the stipulated facts and conclusions of law. We also conclude that the seriousness of Attorney Baehr's misconduct warrants the suspension of his license to practice law for six months, and we order that he make restitution of $500 to one client.

¶ 3.   Attorney Baehr was admitted to practice law in Wisconsin in 1985 and resides in Stevens Point. On February 9, 2000, this court ordered a 90–day suspension of Attorney Baehr's law license effective March 20, 2000, as discipline for misconduct consisting of failing to take any action on behalf of an incarcerated client he was appointed by the state public defender to represent on appeal and on a claim of ineffective assistance of previous counsel, failing to communicate in any way with that client, and failing to respond to numerous requests for information from the former Board of Attorneys Professional Responsibility and the Board's district investigative committee concerning his conduct in the client's matter. *See Disciplinary Proceedings Against Baehr,* 2000 WI 8, 232 Wis. 2d 606, 605 N.W.2d 523.

¶ 4. On February 22, 2001, this court temporarily suspended Attorney Baehr's license to practice law after he failed to respond to the court's order to show cause for his non-cooperation with OLR's grievance investigations. Attorney Baehr has not sought reinstatement from either of the suspensions.

¶ 5. The current disciplinary proceedings against Attorney Baehr involve three separate legal matters. The first involves a couple who hired Attorney Baehr in the spring of 1999 to represent them in a bankruptcy. The couple paid Attorney Baehr $1125, which was to cover the filing fee as well as the handling of the bankruptcy case to conclusion, including drafting and filing documents relating to redemption and reaffirmation of both a first and second mortgage. Attorney Baehr completed reaffirmation of only the second mortgage.

¶ 6. As noted above, on February 9, 2000, Attorney Baehr's license to practice law was suspended for 90 days effective March 20, 2000, for professional misconduct in an unrelated matter. During the month of May 2000 the couple left five or six messages for Attorney Baehr in which they requested his assistance in resolving the reaffirmation of their first mortgage. Attorney Baehr failed to return any of those calls. On June 2, 2000, the couple sent a letter by certified mail to Attorney Baehr in which they described their disappointment in his failure to return their calls. The letter said the legal matter was urgent in that it involved the couple being able to keep their home. The couple stated if they did not hear from Attorney Baehr by June 9, 2000, they would obtain a new attorney and request that the filing fee of $175 be returned to them. Al-

though Attorney Baehr personally signed the return receipt for the certified letter on June 5, 2000, he never responded.

¶ 7.   The couple hired new counsel and incurred additional legal expenses that they would not have been charged if Attorney Baehr had resolved the matter for them. The couple was unable to finalize the payment plan without a completed reaffirmation and as a result the property went into foreclosure.

¶ 8.   On August 25, 2000, an OLR staff investigator sent the couple's grievance to Attorney Baehr and requested him to provide a written response within 20 days. When he failed to respond, the OLR staff investigator sent a follow-up letter to Attorney Baehr on September 22, 2000, via certified mail with a request that he submit a written response to the couple's grievance no later than October 2, 2000. The letter also advised Attorney Baehr of his duty to cooperate and the consequences he could expect if he failed to comply. Although Attorney Baehr personally signed the return receipt for the certified letter on October 11, 2000, he failed to submit a response or otherwise contact OLR staff.

¶ 9.   On November 14, 2000, the OLR staff investigator sent Attorney Baehr a notice to appear via certified and first-class mail, informing him that he was required to appear at OLR's office in Madison on November 29, 2000, with his file. Attorney Baehr personally signed the return receipt for the notice to appear but failed to appear at the appointed time.

¶ 10.   The second claim of misconduct involves Attorney Baehr's representation of a man whose ex-wife sued him in Wood county small claims court alleging that her employer was garnishing her wages for a past debt that her ex-husband had been ordered to pay in

545

their divorce case. The small claims case requested a money judgment against Attorney Baehr's client in excess of $3400. The return date in the case was February 7, 2000. The client, who had been represented by Attorney Baehr in a past, unrelated matter, hired Attorney Baehr to represent him at the February 7, 2000, appearance. The client said he also expected Attorney Baehr to represent him for the remainder of the case. Attorney Baehr contended he was only hired for the February 7 court appearance.

¶ 11.   Attorney Baehr appeared in court on February 7, 2000, and asked the court to dismiss the lawsuit. The court denied the request. On February 15, 2000, the court issued a notice of hearing scheduling the small claims case for a court trial on March 21, 2000. The original notice was filed with the court and copies were sent to Attorney Baehr and to the plaintiff.

¶ 12.   Attorney Baehr did not inform his client of the trial date. No one appeared on the client's behalf at the trial, and the court issued a default judgment against the client in the amount of $3511.18. On March 23, 2000, the court issued a notice of entry of judgment in favor of the plaintiff and against Attorney Baehr's client. The original notice was filed with the court and copies were mailed to Attorney Baehr and the plaintiff. Attorney Baehr did not forward either the notice of hearing or the notice of entry of judgment to his client, nor did he inform the client of the trial date or of the entry of judgment in the matter. The client learned the judgment had been entered against him when his employer began garnishing his wages.

¶ 13.   The client filed a grievance against Attorney Baehr, and Attorney Baehr provided an initial response. By letter dated August 28, 2000, the OLR staff investigator asked Attorney Baehr to provide additional infor-

mation. Attorney Baehr was asked to reply by September 11, 2000, but failed to do so. On October 9, 2000, the OLR staff investigator sent Attorney Baehr a follow-up letter by certified mail requesting his written response no later than October 30, 2000. In the letter, the investigator reminded Attorney Baehr of his duty to cooperate and informed him of the consequences if he did not reply. Although Attorney Baehr personally signed the certified mail return receipt on October 11, 2000, he did not respond or otherwise contact the OLR.

¶ 14.  On November 14, 2000, the OLR staff investigator sent Attorney Baehr a notice to appear via certified and first-class mail, informing him that he was required to appear at OLR's office on November 29, 2000, with his file regarding this grievance. Attorney Baehr personally signed the return receipt for the notice to appear but did not appear at the appointed time.

¶ 15.  The third claim of misconduct involved Attorney Baehr's representation of a Green Bay resident who was arrested in Portage county for operating his vehicle after revocation or suspension as a second offense. The man's initial appearance was scheduled for December 7, 1999, in Portage County Circuit Court in Stevens Point. The man did not appear, and the court found probable cause and issued a bench warrant for his arrest.

¶ 16.  On December 10, 1999, the man contacted Attorney Baehr to represent him in the case. Attorney Baehr told the man that a retainer of $500 was required. The man mailed a $500 check to Attorney Baehr that same day. Attorney Baehr cashed the check.

¶ 17.  Attorney Baehr was to contact the district attorney's office to discuss the ticket and was to make a court appearance for the man. Attorney Baehr told the

man he would be notified by mail of the result. Attorney Baehr had the man's address and telephone numbers for both his residence in Green Bay and his home and work location in St. Cloud, Minnesota.

¶ 18.   On July 7, 2000, the man was detained by Green Bay police, who informed him there was a warrant for his arrest in Portage county. The man was transported to Portage county and spent the weekend in jail.

¶ 19.   On July 10, 2000, the man learned that Attorney Baehr no longer practiced law, that he never appeared in court for the man, and that he never contacted the district attorney's office in the matter. The criminal case against the man was eventually resolved, without Attorney Baehr's participation, by means of a plea bargain whereby the man paid a fine.

¶ 20.   On August 25, 2000, an OLR staff investigator sent the man's grievance to Attorney Baehr and requested that he provide a written response within 20 days. No response was received from Attorney Baehr. On September 22, 2000, the OLR investigator sent a follow-up letter to Attorney Baehr via certified mail with a request that he submit a written response to the grievance no later than October 2, 2000. The letter also advised Attorney Baehr of his duty to cooperate and the consequences he could expect if he failed to comply. Although Attorney Baehr personally signed the return receipt for the certified letter on October 11, 2000, he did not submit a response or otherwise contact the OLR.

¶ 21.   On November 14, 2000, the OLR investigator sent Attorney Baehr a notice to appear via certified and first-class mail, informing him that he was required to appear at OLR's office on November 29, 2000, with his file regarding the grievance. Attorney Baehr person-

ally signed the return receipt for the notice to appear on November 24, 2000, but failed to appear at OLR's office on November 29, 2000.

¶ 22. The parties stipulated, and the referee agreed, that Attorney Baehr's actions in the foregoing matters constituted the following professional misconduct:

(a) His failure to respond to telephone messages left by the first clients regarding the bankruptcy matter and his failure to reply after receiving a certified letter from them violated SCR 20:1.4(a).[2]

(b) His failure to forward the circuit court's notice of hearing and notice of entry of judgment to the second client and his failure to return the $500 retainer to the third client despite his failure to perform any legal services violated SCR 20:1.16(d).[3]

---

[2] SCR 20:1.4(a) provides: "[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

[3] SCR 22:1.16(d) provides:

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

(c)     His failure to take any action on the third client's behalf after being paid a $500 retainer violated SCR 20:1.3.[4]

(d)     His failure to respond to requests from OLR staff to provide written responses to the clients' grievances and his failure to appear or otherwise contact staff after he received a notice to appear violated SCR 21.15(4), 22:001(9)(b), and 22:03(6).[5]

¶ 23.   We adopt the findings of fact and conclusions of law set forth in the parties' stipulation, as approved by the referee. Attorney Baehr's actions are serious matters warranting a suspension of his license

---

[4] SCR 20:1.3 provides: "Diligence. A lawyer shall act with reasonable diligence and promptness in representing a client."

[5] SCR 21.15(4) provides:

(4) Every attorney shall cooperate with the office of lawyer regulation in the investigation, prosecution and disposition of grievances, complaints filed with or by the director, and petitions for reinstatement. An attorney's wilful failure to cooperate with the office of lawyer regulation constitutes violation of the rules of professional conduct for attorneys.

SCR 22.001(9) provides:

"Misconduct" means any of the following:

. . .

(b) Failure to cooperate in the investigation of a grievance.

. . .

SCR 22.03(6) provides that "[i]n the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

to practice law. A six-month suspension of his license is appropriate discipline for his professional misconduct.

¶ 24.  IT IS ORDERED that the license of Thomas D. Baehr to practice law in Wisconsin is suspended for a period of six months, effective April 2, 2002.

¶ 25.  IT IS FURTHER ORDERED that within 60 days of the date of this order Thomas D. Baehr make restitution of $500 to the client he was retained to represent on the operating a vehicle after revocation or suspension charge. In the event restitution is not paid within the time specified and absent a showing to this court in writing of his inability to pay restitution within that time, the license of Thomas D. Baehr to practice law in Wisconsin shall remain suspended until further order of the court.

¶ 26.  IT IS FURTHER ORDERED that within 60 days of the date of this order Thomas D. Baehr pay to the Office of Lawyer Regulation the costs of this proceeding, provided that in the event the costs are not paid within the time specified and absent a showing to this court in writing of his inability to pay the costs within that time, the license of Thomas D. Baehr to practice law in Wisconsin shall remain suspended until further order of the court.

¶ 27.  IT IS FURTHER ORDERED that Thomas D. Baehr comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.