In the Matter of Disciplinary Proceedings Against
Albert J. Armonda, Attorney at Law:

Office of Lawyer Regulation, Complainant,

v.

Albert J. Armonda, Respondent.

Supreme Court

*No. 03–1652–D. Decided October 28, 2003.*

2003 WI 136

(Also reported in 670 N.W.2d 542.)

¶ 1. PER CURIAM.   This case is before us under SCR 22.12[1] on a stipulation between the parties, Attorney Albert J. Armonda, and the Office of Lawyer Regulation (OLR). The stipulation consists of Attorney Armonda's admission of the facts and misconduct alleged by the OLR and his agreement to the level of discipline that the OLR is seeking.

¶ 2.   We accept the stipulation and determine that the seriousness of Attorney Armonda's misconduct warrants the imposition of the recommended 60–day suspension.

¶ 3.   Attorney Armonda was admitted to the practice of law in Wisconsin in 1996. He has had four prior administrative suspensions for failing to comply with mandatory CLE reporting requirements and for nonpayment of State Bar dues.

---

[1] SCR 22.12 provides:   Stipulation.

(1) The director may file with the complaint a stipulation of the director and the respondent to the facts, conclusions of law regarding misconduct, and discipline to be imposed. The supreme court may consider the complaint and stipulation without the appointment of a referee.

(2) If the supreme court approves a stipulation, it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline.

(3) If the supreme court rejects the stipulation, a referee shall be appointed and the matter shall proceed as a complaint filed without a stipulation.

(4) A stipulation rejected by the supreme court has no evidentiary value and is without prejudice to the respondent's defense of the proceeding or the prosecution of the complaint.

¶ 4. The complaint against him which is the subject of this stipulation covers nine counts and involves six clients.

¶ 5. Count One concerns a grievance filed against Attorney Armonda by a client. Attorney Armonda failed to act on the OLR's request that he respond to that grievance, a violation of SCR 22.03(6).[2]

¶ 6. Counts Two through Six concern Attorney Armonda's representation of a married couple. When he agreed to represent them he was under an administrative suspension and did not inform them of this fact. This constituted a violation of SCR 31.10(1),[3] SCR 20:8.4(f),[4] and SCR 20:8.4(c).[5] Once he did begin to

---

[2] SCR 22.03(6) provides:

"(6) In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

[3] SCR 31.10(1) provides:

(1) If a lawyer fails to comply with the attendance requirement of SCR 31.02, fails to comply with the reporting requirement of SCR 31.03(1), or fails to pay the late fee under SCR 31.03(2), the board shall serve a notice of noncompliance on the lawyer. This notice shall advise the lawyer that the state bar membership of the lawyer shall be automatically suspended for failing to file evidence of compliance or to pay the late fee within 60 days after service of the notice. The board shall certify the names of all lawyers so suspended under this rule to the clerk of the supreme court and to each judge of a court of record in this state. A lawyer shall not engage in the practice of law in Wisconsin while his or her state bar membership is suspended under this rule.

[4] SCR 20:8.4(f) provides:

"Misconduct. It is professional misconduct for a lawyer to: (f) violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers."

[5] SCR 20:8.4(c) provides:

"Misconduct. It is professional misconduct for a lawyer to: (c)

represent them, Attorney Armonda failed to take action on their claim, failed to communicate with them, and failed to return their documents and $750 retainer fee, all in violation of SCR 20:1.3,[6] SCR 20:1.4(a),[7] and SCR 20:1.16(d).[8]

¶ 7.    Count Seven relates to Attorney Armonda's representation of a divorce client. He failed to appear at a pretrial conference and also to comply with opposing counsel's discovery requests, in violation of SCR 20:1.3.

¶ 8:    Counts Eight and Nine pertain to Attorney Armonda's representation of another married couple in a bankruptcy matter. They filed a grievance against him and he attempted to have them withdraw the grievance. In addition, he failed to forward an $800 check to their

---

engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

[6] SCR 20:1.3 provides:

"Diligence. A lawyer shall act with reasonable diligence and promptness in representing a client."

[7] SCR 20:1.4(a) provides:

"(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

[8] SCR 20:1.16(d) provides:

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

mortgage company as they requested. These actions were in violation of SCR 21.15(4),[9] SCR 22.03(2),[10] and SCR 20:1.15(a).[11]

[9] SCR 21.15(4) provides:

(4) Every attorney shall cooperate with the office of lawyer regulation in the investigation, prosecution and disposition of grievances, complaints filed with or by the director, and petitions for reinstatement. An attorney's wilful failure to cooperate with the office of lawyer regulation constitutes violation of the rules of professional conduct for attorneys.

[10] SCR 22.03(2) provides:

(2) Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

[11] SCR 20:1.15(a) provides:

(a) A lawyer shall hold in trust, separate from the lawyer's own property, that property of clients and third persons that is in the lawyer's possession in connection with a representation or when acting in a fiduciary capacity. Funds held in connection with a representation or in a fiduciary capacity include funds held as trustee, agent, guardian, personal representative of an estate, or otherwise. All funds of clients and third persons paid to a lawyer or law firm shall be deposited in one or more identifiable trust accounts as provided in paragraph (c). The trust account shall be maintained in a bank, savings bank, trust company, credit union, savings and loan association or other investment institution authorized to do business and located in Wisconsin. The trust account shall be clearly designated as "Client's Account" or "Trust Account" or words of similar import. No funds belonging to the lawyer or law firm, except funds reasonably sufficient to pay or

33

¶ 9. The parties advise the court that the terms of this stipulation were not bargained for or negotiated between the parties. Attorney Armonda admits the facts and misconduct alleged by the OLR and agrees to the level of discipline that the OLR seeks. He further indicates that he fully understands the misconduct allegations, the ramifications should the court impose the stipulated level of discipline, his right to contest the matter including consultation with retained counsel, and that his entry into the stipulation is knowing and voluntary.

¶ 10. The OLR submits that an appropriate level of discipline is a 60–day suspension. It notes that in similar cases, an example being *In re Disciplinary Proceedings Against Baehr,* 2002 WI 17, 250 Wis. 2d 541, 639 N.W.2d 708, a longer suspension was ordered. However, the OLR believes a shorter suspension is warranted in this case because Attorney Armonda does not have any prior substantive suspensions, it accepts his explanation that during the time of these violations he was suffering from health problems, he is remorseful for his conduct, and he has cooperated with the OLR except as otherwise noted.

avoid imposition of account service charges, may be deposited in such an account. Unless the client otherwise directs in writing, securities in bearer form shall be kept by the attorney in a safe deposit box in a bank, savings bank, trust company, credit union, savings and loan association or other investment institution authorized to do business and located in Wisconsin. The safe deposit box shall be clearly designated as "Client's Account" or "Trust Account" or words of similar import. Other property of a client or third person shall be identified as such and appropriately safeguarded. If a lawyer also licensed in another state is entrusted with funds or property in connection with an out-of-state representation, this provision shall not supersede the trust account rules of the other state.

¶ 11. In conclusion, we accept the stipulation of the parties. Attorney Armonda's misconduct represents a serious failure to comply with the specified Rules of Professional Conduct. Furthermore, the level of discipline requested by the OLR is appropriate for this misconduct.

¶ 12. IT IS ORDERED that the license of Attorney Armonda to practice law in Wisconsin is suspended for a period of 60 days, effective December 2, 2003.

¶ 13. IT IS FURTHER ORDERED that Attorney Armonda comply with the provisions of SCR 22.26 concerning the duties of an attorney whose license to practice law has been suspended.