In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Albert J. ARMONDA, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Albert J. ARMONDA, Respondent.

Supreme Court

*No. 04–0984–D. Decided June 29, 2004.*

2004 WI 82

(Also reported in 682 N.W.2d 26.)

¶ 1. PER CURIAM. This case is before us under SCR 22.12[1] on a stipulation between the parties, Attorney Albert J. Armonda, and the Office of Lawyer Regulation (OLR). The stipulation consists of Attorney Armonda's admission of the facts and misconduct alleged by the OLR and his agreement to the level of discipline that the OLR is seeking.

¶ 2. We accept the stipulation and determine that the seriousness of Attorney Armonda's misconduct warrants the imposition of the stipulated six-month suspension.

¶ 3. Attorney Armonda was admitted to the practice of law in Wisconsin in 1996. He has had four prior administrative suspensions for failing to comply with mandatory CLE reporting requirements and for nonpayment of state bar dues.

¶ 4. In addition, he was recently suspended for 60 days for misconduct consisting of failing to timely

---

[1] SCR 22.12 provides: Stipulation.

(1) The director may file with the complaint a stipulation of the director and the respondent to the facts, conclusions of law regarding misconduct, and discipline to be imposed. The supreme court may consider the complaint and stipulation without the appointment of a referee.

(2) If the supreme court approves a stipulation, it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline.

(3) If the supreme court rejects the stipulation, a referee shall be appointed and the matter shall proceed as a complaint filed without a stipulation.

(4) A stipulation rejected by the supreme court has no evidentiary value and is without prejudice to the respondent's defense of the proceeding or the prosecution of the complaint.

respond to the OLR's correspondence relating to a grievance investigation, practicing law while his license was suspended, failing to inform his clients of his suspended license, failing to act with reasonable diligence and promptness in representing a client, failing to keep a client reasonably informed about the status of a matter, failing to surrender papers and property to the client, failing to timely refund an advance payment of fees and property of a client upon termination of representation, failing to act with reasonable diligence and promptness by not appearing at a conference in a client's divorce action and not complying with opposing counsel's discovery requests, interfering with the OLR's investigation by drafting a client letter withdrawing their grievance, and failing to properly safeguard property of a third person by losing track of a client's cashier's check intended for their mortgage payment. *See In re Disciplinary Proceedings Against Armonda,* 2003 WI 136, 266 Wis. 2d 29, 670 N.W.2d 542. That suspension remains in effect.

¶ 5. The complaint against him which is the subject of this stipulation covers seven counts arising out of four grievances.

¶ 6. Count one involves a violation of SCR 10.03(6)[2] and SCR 20:8.4(f)[3] arising out of Attorney Armonda's appearance in at least four circuit court cases when his license to practice law was previously suspended due to his failure to pay 2002 state bar dues and supreme court assessments.

¶ 7. Count two involves a violation of SCR 20:8.4(f) and SCR 22.03(6),[4] failing to provide relevant information during the course of an OLR investigation, arising out of his failure on two occasions to respond to the OLR correspondence regarding count one.

¶ 8. Count three involves a violation of SCR 20:1.5(a),[5] charging an unreasonable fee, arising out of Attorney Armonda charging a client $6500 to represent

---

[2] SCR 10.03(6) provides:

> (6) Penalty for nonpayment of dues. If the annual dues of any member remain unpaid 120 days after the payment is due, the membership of the member may be suspended in the manner provided in the bylaws; and no person whose membership is so suspended for nonpayment of dues may practice law during the period of the suspension.

[3] SCR 20:8.4(f) provides: "It is professional misconduct for a lawyer to: (f) violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers."

[4] SCR 22.03(6) provides: "(6) In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

[5] SCR 20:1.5(a) provides:

> (a) A lawyer's fee shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following:

him in a bankruptcy. The United States Bankruptcy Court for the Eastern District of Wisconsin had previously determined that the fee was excessive and ordered that it be returned in its entirety to the client.

¶ 9.   Count four, arising out of the same set of circumstances, involves a concurrent violation of SCR 20:8.4(f).

¶ 10.   Count five involves another violation of SCR 22.03(6) involving Attorney Armonda's failure to provide relevant information during the course of the OLR's investigation of the bankruptcy matter.

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

¶ 11. Count six involves a violation of SCR 20:1.1,[6] failure to provide competent representation to a client, arising out of Attorney Armonda filing a divorce petition which failed to accurately state the number of children born to the marriage.

¶ 12. Count seven involves a violation of SCR 22.03(2),[7] requiring full disclosure to the OLR, and another violation of SCR 20:8.4(f), arising out of his failure to disclose all facts and circumstances pertaining to matters arising out of count six after the OLR's request for a response.

¶ 13. The parties advise the court that the terms of this stipulation were not bargained for or negotiated between the parties. Attorney Armonda admits the facts and misconduct alleged by the OLR and agrees to the level of discipline that the OLR seeks. He further indicates that he fully understands the misconduct allegations, the ramifications should the court impose the stipulated level of discipline, his right to contest the

---

[6] SCR 20:1.1 provides: "Competence. A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."

[7] SCR 22.03(2) provides:

(2) Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

matter, including consultation with retained counsel, and that his entry into the stipulation is knowing and voluntary.

¶ 14. The OLR submits that an appropriate level of discipline is a six-month suspension. It notes that in similar cases, an example being *In re Disciplinary Proceedings Against Gibson,* 230 Wis. 279, 601 N.W.2d 824 (1999), such a suspension was ordered. The OLR contends that Attorney Armonda's misconduct is aggravated by his previous misconduct, particularly the 60–day suspension which is currently in effect. However, it contends that his misconduct was mitigated by the fact he was experiencing personal difficulties during the period of misconduct and appears to be remorseful.

¶ 15. In conclusion, we accept the stipulation of the parties. Attorney Armonda's misconduct represents a serious failure to comply with the specified rules of professional conduct. Furthermore, the level of discipline requested by the OLR is appropriate for this misconduct.

¶ 16. IT IS ORDERED that the license of Attorney Albert J. Armonda to practice law in Wisconsin is suspended for a period of six months, and until reinstated by this court, effective August 3, 2004.

¶ 17. IT IS FURTHER ORDERED that Attorney Albert J. Armonda comply with the provisions of SCR 22.26, concerning the duties of an attorney whose license to practice law has been suspended, to the extent he has not already done so.