# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2015AP655-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Craig E. Vance, Attorney at Law: |
| | Office of Lawyer Regulation, |
| |       Complainant, |
| |    v. |
| | Craig E. Vance, |
| |       Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST VANCE

| | |
|---|---|
| OPINION FILED: | October 26, 2016 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
|   CONCURRED: | |
|   DISSENTED: | |
|   NOT PARTICIPATING: | |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2015AP655-D

STATE OF WISCONSIN      :      IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Craig E. Vance, Attorney at Law:**

**Office of Lawyer Regulation,**

      **Complainant,**

    **v.**

**Craig E. Vance,**

      **Respondent.**

**FILED**

**OCT 26, 2016**

Diane M. Fremgen
Clerk of Supreme Court

---

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1 PER CURIAM. We review the report and recommendation of the Referee Richard M. Esenberg that the license of Craig E. Vance to practice law in Wisconsin be suspended for nine months as discipline for professional misconduct. The referee's findings of fact, conclusions of law, and recommendation for a nine-month suspension were based on the parties' stipulation.

¶2 The complaint filed by the Office of Lawyer Regulation (OLR) against Attorney Vance asserted various forms of

misconduct, including that he was inattentive to a number of client matters; failed to cooperate with OLR investigations; failed to inform clients, opposing counsel, and the courts of his temporary license suspension; and continued to practice law after his temporary license suspension. The OLR complaint asserted, the parties stipulated, and the referee found, that Attorney Vance committed 21 counts of misconduct through his actions and inactions.

¶3 We agree with the referee's determination of misconduct and his recommendation that this misconduct warrants a suspension of Attorney Vance's Wisconsin law license for nine months. We depart from the referee's recommendation that Attorney Vance should pay one-half of the total costs of this proceeding; we instead order him to pay the full costs of this proceeding, which total $2,570.85. Restitution is not an issue in this matter.

¶4 Attorney Vance was admitted to the practice of law in Wisconsin in 2002. This court temporarily suspended Attorney Vance's license on February 20, 2014, due to his failure to cooperate with an OLR investigation into one of the matters included in the disciplinary complaint before us. Attorney Vance's license was also suspended in October 2014 for nonpayment of bar dues. His license remains suspended to date.

¶5 Counts 1-6 of the OLR's complaint arose out of Attorney Vance's representation of Z.A. The OLR complaint alleged, and the referee found based on the parties' stipulation, the following facts.

2

¶6 In March 2012, Attorney Vance filed a lawsuit on Z.A.'s behalf without informing Z.A. that he had filed the lawsuit. He later failed to notify Z.A. of a settlement offer from the defendant. He failed to respond to requests for admission from the defendant, resulting in the circuit court deeming the requests to be admitted. He failed to respond to the defendant's warning that it would seek costs associated with filing a summary judgment motion based on the deemed admissions unless he dismissed the case. He also failed to inform Z.A. of the defendant's warning. He failed to respond to the defendant's ensuing summary judgment motion, and he failed to appear at the summary judgment hearing, resulting in the circuit court granting summary judgment against Z.A. He failed to respond to Z.A.'s phone call regarding his failure to attend the summary judgment hearing.

¶7 Z.A. retained a new lawyer, who wrote Attorney Vance to request a copy of the case file. Attorney Vance failed to respond to this request, which in turn forced the new lawyer to recreate the file and pay to obtain copies of documents from the clerk of court's office.

¶8 Z.A.'s new lawyer filed a grievance with the OLR against Attorney Vance. Attorney Vance was uncooperative with the ensuing OLR investigation; he responded to the grievance only after this court ordered him to show cause why his license should not be suspended for willful failure to cooperate with the OLR investigation. After receiving Attorney Vance's initial response to the grievance, the OLR repeatedly asked him for

additional information. He failed to respond to those requests. On February 20, 2014, this court temporarily suspended Attorney Vance's law license for his failure to comply with the OLR investigation.

¶9 The OLR complaint alleged, and the referee determined based on the parties' stipulation, that Attorney Vance's actions in the Z.A. matter constituted the following professional misconduct:

- Count One: By purportedly believing that not responding to the defendant's requests for admission was an appropriate course of action, without seeking a determination of relief from the court, Attorney Vance violated SCR 20:1.1.[1]

- Count Two: By failing to pursue Z.A.'s suit, including by failing to respond to the defendant's requests for admission, failing to respond to the defendant's summary judgment motion, and failing to appear at the summary judgment hearing, Attorney Vance violated SCR 20:1.3.[2]

- Count Three: By failing to inform Z.A. that the defendant's requests for admission were deemed admitted by operation of law, and that defendant's counsel requested that Attorney Vance voluntarily dismiss the suit against the

---

[1] SCR 20:1.1 provides: "A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."

[2] SCR 20:1.3 provides: "A lawyer shall act with reasonable diligence and promptness in representing a client."

4

defendant or face summary judgment and potential costs, Attorney Vance violated SCR 20:1.4(a)(3).[3]

- Count Four: By failing to provide Z.A.'s file to successor counsel, causing Z.A. and successor counsel to have to reassemble a file with copies produced by the circuit court at a cost, Attorney Vance violated SCR 20:1.16(d)[4]

- Count Five: By failing to timely file an initial written response to the grievance against him, and by doing so only after being ordered to show cause by the Supreme Court, Attorney Vance violated SCR 22.03(2)[5] and SCR 22.03(6)[6] enforced via SCR 20:8.4(h).[7]

---

[3] SCR: 20:1.4(a)3 provides: "a lawyer shall keep the client reasonably informed about the status of the matter."

[4] SCR 20:1.16(d) provides:

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

[5] SCR 22.03(2) provides:

Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer

(continued)

- Count Six: By failing to respond to the OLR's subsequent request for a supplemental response, Attorney Vance violated SCR 22.03(6), enforced via SCR 20:8.4(h).

¶10 Counts 7-8 of the OLR's complaint arose out of Attorney Vance's representation of D.K. The OLR complaint alleged, and the referee found based on the parties' stipulation, the following facts.

¶11 In July 2014, after the February 20, 2014 temporary suspension of his Wisconsin law license, Attorney Vance agreed to represent D.K. related to a petition for a temporary restraining order filed against D.K. Attorney Vance appeared with D.K. at a hearing on the temporary restraining order. An individual who assisted the petitioner at the hearing filed a grievance against Attorney Vance. Attorney Vance failed to respond to the OLR's requests to respond to the grievance.

¶12 The OLR complaint alleged, and the referee determined based on the parties' stipulation, that Attorney Vance's actions

---

questions, furnish documents, and present any information deemed relevant to the investigation.

[6] SCR 22.03(6) provides, "In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

[7] SCR 20:8.4(h) provides: "It is professional misconduct for a lawyer to: . . . fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(6), or SCR 22.04(1)."

in the D.K. matter constituted the following professional misconduct:

- Count Seven: By accepting a new matter and appearing in court to represent D.K. at a hearing on the temporary restraining order while his license was suspended, Attorney Vance violated SCR 22.26(2),[8] enforced via SCR 20:8.4(f).[9]

- Count Eight: By failing to file a response to the grievance investigation relating to his representation of D.K., Attorney Vance violated SCR 22.03(2) and SCR 22.03(6), enforced via SCR 20:8.4(h).

¶13 Counts 9-12 of the OLR's complaint arose out of Attorney Vance's representation of R.K. The OLR complaint alleged, and the referee found based on the parties' stipulation, the following facts.

¶14 In April 2013, Attorney Vance filed a lawsuit on R.K.'s behalf. After Attorney Vance failed to disclose expert and lay witnesses and provide expert reports by a court-ordered deadline in August 2013, the defendant filed a motion to dismiss

---

[8] SCR 22.26(2) provides:

An attorney whose license to practice law is suspended or revoked or who is suspended from the practice of law may not engage in this state in the practice of law or in any law work activity customarily done by law students, law clerks, or other paralegal personnel, except that the attorney may engage in law related work in this state for a commercial employer itself not engaged in the practice of law.

[9] SCR 20:8.4(f) provides: "It is professional misconduct for a lawyer to: . . . violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers."

the case due to Attorney Vance's failure to prosecute it. In January 2014, the circuit court held a hearing on the defendant's motion to dismiss. Attorney Vance appeared at the hearing. The circuit court held its decision on the defendant's motion to dismiss in abeyance and allowed Attorney Vance to file his witness list on the date of the hearing. Attorney Vance failed to inform R.K. of the defendant's motion to dismiss, the hearing on the motion, and his filing of a witness list. When this court temporarily suspended Attorney Vance's law license on February 20, 2014, Attorney Vance failed to inform R.K., opposing counsel, and the circuit court about his license suspension. Eventually, the circuit court dismissed R.K.'s case without prejudice due to Attorney Vance's failure to diligently prosecute it. R.K. learned of the dismissal by looking at online records.

¶15 R.K. filed a grievance with the OLR regarding Attorney Vance's representation. Attorney Vance failed to respond to the OLR's requests to respond to the grievance.

¶16 The OLR complaint alleged, and the referee determined based on the parties' stipulation, that Attorney Vance's actions in the R.K. matter constituted the following professional misconduct:

- Count Nine: By failing to advance R.K.'s interests, such that R.K.'s lawsuit became subject to a motion to dismiss for want of prosecution and, ultimately, dismissal by the circuit court, Attorney Vance violated SCR 20:1.3.

- Count Ten: By failing to inform R.K. of case developments, including that the case was subject to a motion to dismiss for want of prosecution, that a hearing on the motion was scheduled and heard, and that he filed a witness list on the date of the hearing on the motion to dismiss, Attorney Vance violated SCR 20:1.4(a)(3) and SCR 20:1.4(a)(4).[10]

- Count Eleven: By failing to notify R.K., the court, or opposing counsel of his February 2014 license suspension, Attorney Vance violated SCR 22.26(1),[11] enforced via SCR 20:8.4(f).

- Count Twelve: By failing to file a response in OLR's grievance investigation relating to his representation of R.K., Attorney Vance violated SCR 22.03(2) and SCR 22.03(6), enforced via SCR 20:8.4(h).

¶17 Counts 13-14 of the OLR's complaint arose out of Attorney Vance's representation of L.M. The OLR complaint alleged, and the referee found based on the parties' stipulation, the following facts.

¶18 L.M. retained Attorney Vance to represent her in a matter related to a petition for a restraining order and a disorderly conduct charge filed against her. In January 2014, Attorney Vance appeared on L.M.'s behalf at an injunction hearing. The circuit court granted the injunction. After this court temporarily suspended Attorney Vance's law license on

---

[10] SCR: 20:1.4(a)4 provides: "a lawyer shall promptly comply with reasonable requests by the client for information."

[11] SCR 22.26(1) Activities following suspension or revocation provides: "On or before the effective date of license suspension or revocation, an attorney whose license is suspended or revoked shall do the following: . . . "

February 20, 2014, he failed to inform L.M., the prosecutor, and the circuit court about his license suspension. He appeared at a court hearing on the disorderly conduct charge against L.M. following his temporary license suspension. He failed to appear at a later scheduled status conference. L.M. informed the circuit court that Attorney Vance was not responsive to her and was not performing his job as her attorney. The circuit court terminated Attorney Vance's representation and referred L.M. to the State Public Defender's Office.

¶19 L.M. filed a grievance with the OLR against Attorney Vance. Attorney Vance failed to respond to the OLR's requests to respond to the grievance.

¶20 The OLR complaint alleged, and the referee determined based on the parties' stipulation, that Attorney Vance's actions in the L.M. matter constituted the following professional misconduct:

- Count Thirteen: By failing to notify L.M., the prosecutor, and the circuit court of his suspension, and by appearing at a hearing when his license was suspended, Attorney Vance violated SCR 22.26(1) and SCR 22.26(2), enforced via SCR 20:8.4(f).

- Count Fourteen: By failing to file a response to the OLR's grievance investigation relating to his representation of L.M., Attorney Vance violated SCR 22.03(2) and SCR 22.03(6), enforced via SCR 20:8.4(h).

¶21 Counts 15-17 of the OLR's complaint arose out of Attorney Vance's representation of H.B. and M.B. The OLR

10

complaint alleged, and the referee found based on the parties' stipulation, the following facts.

¶22 In April 2013, Attorney Vance filed a lawsuit on H.B.'s and M.B.'s behalf. Attorney Vance appeared at a scheduling conference, but then failed to perform any further work on the case. The defendant filed a motion for partial summary judgment, and the circuit court scheduled a hearing on the motion. Attorney Vance failed to file a response to the motion and failed to appear at the motion hearing. The circuit court granted the defendant's motion for partial summary judgment. The defendant then filed a motion to dismiss, and the circuit court scheduled a hearing on the motion. Attorney Vance failed to respond to the motion and failed to appear at the motion hearing. The circuit court granted the defendant's motion to dismiss. Because Attorney Vance did not respond to H.B.'s and M.B.'s phone calls and emails regarding the case, they were unaware that the defendant had filed a motion to dismiss, and they were expecting their case to proceed to trial until they received the notice of dismissal from the circuit court.

¶23 The OLR received a grievance against Attorney Vance regarding his conduct in the H.B. and M.B. matter. He failed to respond to the OLR's requests to respond to the grievance.

¶24 The OLR complaint alleged, and the referee determined based on the parties' stipulation, that Attorney Vance's actions in the H.B. and M.B. matter constituted the following professional misconduct:

11

- Count Fifteen: By failing to file any response to the defendant's motion for partial summary judgment; by failing to appear at the hearing for that motion; by failing to file any response to the defendant's motion to dismiss; and by failing to appear at the hearing for that motion, Attorney Vance violated SCR 20:1.3.

- Count Sixteen: By failing to inform his clients of case developments, such that they were expecting their case to proceed to trial up to the point that they received the notice of dismissal from the circuit court, Attorney Vance violated SCR 20:1.4(a)(3).

- Count Seventeen: By failing to file a response in the OLR grievance investigation relating to his representation of H.B. and M.B., Attorney Vance violated SCR 22.03(2) and SCR 22.03(6), enforced via SCR 20:8.4(h).

¶25 Counts 20-21 of the OLR's complaint arose out of Attorney Vance's representation of M.J.[12] The OLR complaint alleged, and the referee found based on the parties' stipulation, the following facts.

¶26 In October 2013, Attorney Vance began representing M.J. in her divorce and child placement cases. Attorney Vance continued to represent M.J. after his February 20, 2014 license suspension, without informing her of the suspension.

¶27 The OLR received a grievance against Attorney Vance regarding his conduct in the M.J. matter. He failed to respond to the OLR's requests to respond to the grievance.

---

[12] Note that the OLR withdrew Counts 18 and 19 consistent with the terms of the parties' stipulation. Counts 18 and 19 involved Attorney Vance's conduct in the M.J. matter.

12

¶28 The OLR complaint alleged, and the referee determined based on the parties' stipulation, that Attorney Vance's actions in the M.J. matter constituted the following professional misconduct:

- Count Twenty: By failing to notify M.J. of his suspension, Attorney Vance violated SCR 22.26(1), enforced via SCR 20:8.4(f).

- County Twenty-One: By failing to file a response in the OLR's grievance investigation relating to his representation of M.J., Attorney Vance violated SCR 22.03(2) and SCR 22.03(6), enforced via SCR 20:8.4(h).

¶29 Counts 22-23 of the OLR's complaint arose out of Attorney Vance's representation of P.L. The OLR complaint alleged, and the referee found based on the parties' stipulation, the following facts.

¶30 In April 2014, after this court temporarily suspended Attorney Vance's law license on February 20, 2014, Attorney Vance began representing P.L. regarding a petition for a restraining order and/or injunction filed against him. Attorney Vance did not inform P.L. that his law license was suspended. Attorney Vance appeared on P.L.'s behalf at a May 1, 2014 hearing, at which he successfully asked the circuit court for additional time to review the case. Attorney Vance then demanded that P.L. pay him $500 in fees to attend the next scheduled hearing in the matter. P.L. never paid him the fee and filed a grievance against Attorney Vance. Attorney Vance failed to respond to the OLR's requests to respond to P.L.'s

13

grievance and to the OLR's own inquiry into his representation of P.L.

¶31 The OLR complaint alleged, and the referee determined based on the parties' stipulation, that Attorney Vance's actions in the P.L. matter constituted the following professional misconduct:

- Count Twenty-Two: By accepting a new matter and appearing in court to represent P.L. at a May 1, 2014 court hearing when his license was suspended, Attorney Vance violated SCR 22.26(2), enforced via SCR 20:8.4(f).

- Count Twenty-Three: By failing to file a response to the OLR's investigations relating to his representation of P.L., Attorney Vance violated SCR 22.03(2) and SCR 22.03(6), enforced via SCR 20:8.4(h).

¶32 As mentioned earlier, this case comes to the court on a referee's report based on a stipulation between the parties. In the stipulation, Attorney Vance represents that he understands the misconduct allegations and the ramifications of his entry into the stipulation. He states that he fully understands his right to contest the matter and his right to consult with counsel. He states that he entered into the stipulation knowingly and voluntarily. He states that he admits the misconduct alleged in the 21 counts set forth above. The stipulation also provides that it is not the result of plea bargaining.

¶33 Based on the parties' stipulation, the referee determined that the record conclusively established the 21 counts of misconduct described above. Also based on the

14

parties' stipulation, the referee recommended that this court suspend the Wisconsin law license of Attorney Vance for nine months.

¶34 In recommending this suspension, the referee found both mitigating and aggravating factors. On the mitigating side, the referee noted that Attorney Vance has no prior record of discipline, and that his misconduct occurred during a relatively brief period of time. On the aggravating side, the referee found that Attorney Vance "has no excuse" for "atrocious" conduct, which included disregarding his clients, the OLR's requests for information, and this court's temporary suspension order.

¶35 The referee cited two cases that he believed were particularly analogous to the instant matter: In re Disciplinary Proceedings Against Baehr, 2002 WI 17, 250 Wis. 2d 541, 639 N.W.2d 708, and In re Disciplinary Proceedings Against Hansen, 2009 WI 56, 318 Wis. 2d 1, 768 N.W.2d 1. In Baehr, a lawyer received a six-month suspension for misconduct, including failing to keep a client reasonably informed about the status of a matter; failing to cooperate with disciplinary investigations; failing, upon termination of the representation, to take steps to protect a client's interests; and failing to act with reasonable diligence and promptness in representing a client. In Hansen, a lawyer received a nine-month suspension for 28 counts of misconduct in four client matters, including failing to take action on behalf of his clients, failing to keep clients reasonably informed, failing to properly explain matters to

15

clients, failing to cooperate with OLR investigations, and failing to withdraw from representation when a medical condition (depression) affected his ability to represent clients.

¶36 Because no appeal has been filed from the referee's report and recommendation, we review the matter pursuant to SCR 22.17(2).[13] When reviewing a referee's report and recommendation, we affirm the referee's findings of fact unless they are found to be clearly erroneous, but we review the referee's conclusions of law on a de novo basis. See In re Disciplinary Proceedings Against Inglimo, 2007 WI 126, ¶5, 305 Wis. 2d 71, 740 N.W.2d 125. We determine the appropriate level of discipline to impose given the particular facts of each case, independent of the referee's recommendation, but benefiting from it. See In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶37 We accept the referee's findings of fact, which were based on the parties' stipulation. We agree with the referee that those facts demonstrate that Attorney Vance committed each of the 21 counts of misconduct discussed above.

---

[13] SCR 22.17(2) provides:

> If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

¶38 Turning to the level of discipline, we agree with the referee that the proper level of discipline is a nine-month suspension. The aggravating factors here are considerable. Attorney Vance's actions show a total disregard of his clients' needs and objectives, as well as of his obligations as an attorney in this state. His actions had serious, negative effects. His indifference to the welfare of his clients and the status of their cases caused them distress and legal setbacks. His indifference to the OLR's investigatory process and this court's temporary suspension order flaunted the authority of this court and its rules and orders. The mitigating factors are few. All Attorney Vance has to offset the weight on the aggravating side of the scale are the facts that he has no prior disciplinary history and that he entered into a stipulation that resolves this disciplinary proceeding. Balancing these factors, we conclude that the recommended nine-month suspension is clearly deserved.

¶39 We turn now to the matter of costs. Although the parties' stipulation does not address the issue of costs, the OLR has filed a statement showing total costs for this proceeding of $2,570.85 and recommending that this court impose the full amount of costs on Attorney Vance. In contrast, the referee suggested in his report that this court should order a one-half reduction in costs because, in the referee's view, this case became contested as a result of the OLR asserting two counts (Counts 18 and 19) that it later withdrew.

17

¶40 After considering the OLR's and the referee's positions on the costs issue, we hold that Attorney Vance should be required to pay the full costs of this disciplinary proceeding. Attorney Vance has not demonstrated why we should deviate in this case from our practice of assessing full costs. See SCR 22.24(1m). He has not shown that the OLR over-litigated any part of this case. He has not shown that the two counts alleged and then withdrawn by the OLR were wholly without prosecutorial merit; indeed, it is doubtful he could make such a showing in light of his admission that he did not fully cooperate with the OLR's investigation into these counts. Given that Attorney Vance's conduct caused this prosecution to proceed on all counts, we see no reason to shift any of the costs of this proceeding to the other attorneys of the state who are innocent of wrongdoing.

¶41 Finally, we note that the OLR does not seek restitution. None is ordered.

¶42 IT IS ORDERED that the license of Craig E. Vance to practice law in Wisconsin is suspended for a period of nine months, effective November 30, 2016.

¶43 IT IS FURTHER ORDERED that Craig E. Vance shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶44 IT IS FURTHER ORDERED that within 60 days of the date of this order, Craig E. Vance shall pay to the Office of Lawyer Regulation the costs of this proceeding.

18

¶45 IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement. See SCR 22.29(4)(c).

¶46 IT IS FURTHER ORDERED that the February 20, 2014 temporary suspension of Craig E. Vance's license to practice law in Wisconsin, due to his willful failure to cooperate with the OLR's investigation in this matter, is lifted.

¶47 IT IS FURTHER ORDERED that the administrative suspension of Craig E. Vance's license to practice law in Wisconsin as a result of his failure to pay mandatory bar dues will remain in effect until he rectifies this delinquency, pursuant to SCR 22.28(1).