# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2016AP101-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Matthew H. Marx, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>          Complainant,<br>     v.<br>Matthew H. Marx,<br>          Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST MARX

| | |
|---|---|
| OPINION FILED: | July 22, 2016 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

**2016 WI 75**

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2016AP101-D

STATE OF WISCONSIN : IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Matthew H. Marx, Attorney at Law:**

**Office of Lawyer Regulation,**

        **Complainant,**

    **v.**

**Matthew H. Marx,**

        **Respondent.**

**FILED**

**JUL 22, 2016**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1 PER CURIAM. We review a stipulation, as revised, filed pursuant to Supreme Court Rule (SCR) 22.12 by the Office of Lawyer Regulation (OLR) and Attorney Matthew H. Marx. Attorney Marx stipulates to the misconduct alleged by the OLR, stipulates, further, that he should be ordered to pay restitution to two clients and that his license to practice law in Wisconsin should be suspended for nine months.

¶2 We adopt the stipulated facts and conclusions of law. We agree that Attorney Marx's professional misconduct warrants the suspension of his Wisconsin law license for a period of nine months. We further agree that restitution is appropriate. Because this matter was resolved by stipulation without appointment of a referee, we will not impose the costs of this proceeding upon Attorney Marx.

¶3 Attorney Marx was admitted to the practice of law in Wisconsin in 1996. Although he has not previously been disciplined by this court, Attorney Marx's license is administratively suspended for failing to pay State Bar dues and for failing to maintain his CLE requirements. In addition, his law license has been temporarily suspended since March 18, 2014 for noncooperation with the OLR's investigation into this matter.

¶4 On January 13, 2016, OLR filed a disciplinary complaint against Attorney Marx alleging 22 counts of misconduct. The first seven counts of the OLR's complaint alleged, and the parties have stipulated, that Attorney Marx violated various provisions of SCR 20:1.15, the trust account rule.[1] He violated SCR 20:1.15(b)(1)[2] and/or SCR 20:1.15(b)(3)[3]

---

[1] Effective July 1, 2016, substantial changes were made to Supreme Court Rule 20:1.15, the "trust account rule." See S. Ct. Order 14-07, (issued Apr. 4, 2016, eff. July 1, 2016). Because the conduct underlying this case arose prior to July 1, 2016, unless otherwise indicated, all references to the supreme court rules will be to those in effect prior to July 1, 2016.

[2] 20:1.15(b)(1) provides:

(continued)

by paying from his trust account $2,102.03 in personal and business expenses; $215 in filing fees for a client who had no funds in trust; and at least $301.33 in credit card surcharges. He violated SCR 20:1.15(b)(3)[3] when he deposited and retained $3,800 in personal funds in his trust account. He violated SCR 20:1.15(f)(1)a., b., and g.[4] by failing to maintain a transaction

---

A lawyer shall hold in trust, separate from the lawyer's own property, that property of clients and 3rd parties that is in the lawyer's possession in connection with a representation. All funds of clients and 3rd parties paid to a lawyer or law firm in connection with a representation shall be deposited in one or more identifiable trust accounts.

[3] SCR 20:1:15(b)(3) provides: "No funds belonging to the lawyer or law firm, except funds reasonably sufficient to pay monthly account service charges may be deposited or retained in a trust account."

[4] SCR 20:1.15(f)(1)a., b., and g. provide:

Complete records of a trust account that is a draft account shall include a transaction register; individual client ledgers for IOLTA accounts and other pooled trust accounts; a ledger for account fees and charges, if law firm funds are held in the account pursuant to sub. (b)(3); deposit records; disbursement records; monthly statements; and reconciliation reports, subject to all of the following:

a. Transaction register. The transaction register shall contain a chronological record of all account transactions, and shall include all of the following:

1. the date, source, and amount of all deposits;

2. the date, check or transaction number, payee and amount of all disbursements, whether by check, wire transfer, or other means;

(continued)

3

3. the date and amount of every other deposit or deduction of whatever nature;

4. the identity of the client for whom funds were deposited or disbursed; and

5. the balance in the account after each transaction.

b. Individual client ledgers. A subsidiary ledger shall be maintained for each client or 3rd party for whom the lawyer receives trust funds that are deposited in an IOLTA account or any other pooled trust account. The lawyer shall record each receipt and disbursement of a client's or 3rd party's funds and the balance following each transaction. A lawyer shall not disburse funds from an IOLTA account or any pooled trust account that would create a negative balance with respect to any individual client or matter. . . .

g. Reconciliation reports. For each trust account, the lawyer shall prepare and retain a printed reconciliation report on a regular and periodic basis not less frequently than every 30 days. Each reconciliation report shall show all of the following balances and verify that they are identical:

1. the balance that appears in the transaction register as of the reporting date;

2. the total of all subsidiary ledger balances for IOLTA accounts and other pooled trust accounts, determined by listing and totaling the balances in the individual client ledgers and the ledger for account fees and charges, as of the reporting date; and

3. the adjusted balance, determined by adding outstanding deposits and other credits to the balance in the financial institution's monthly statement and subtracting outstanding checks and other deductions from the balance in the monthly statement.

4

register and client ledgers, and violated SCR 20:1.15(e)(7)[5] by failing to produce a transaction register, client ledgers, and a monthly reconciliation. Attorney Marx also violated SCR 20:1.15(e)(4)e.[6] by authorizing credit card and other electronic payments be deposited into his trust account, and violated SCR 20:1.15(e)(4)c.[7] by making internet deposits and disbursements from his trust account.

¶5 Counts 8 and 9 of the complaint allege and the parties have stipulated that Attorney Marx committed misconduct in his representation of D.A. in her divorce action. Attorney Marx failed to hold D.A.'s funds in trust in violation of SCR 20:1.15(b) and then failed to cooperate with the investigation

---

[5] SCR 20:1.15(e)(7) provides: "All trust account records have public aspects related to a lawyer's fitness to practice. Upon request of the office of lawyer regulation, or upon direction of the supreme court, the records shall be submitted to the office of lawyer regulation for its inspection, audit, use, and evidence under any conditions to protect the privilege of clients that the court may provide. The records, or an audit of the records, shall be produced at any disciplinary proceeding involving the lawyer, whenever material. Failure to produce the records constitutes unprofessional conduct and grounds for disciplinary action."

[6] SCR 20:l.15(e)(4)e provides: "A lawyer shall not authorize transactions by way of credit card to or from a trust account. However, earned fees may be deposited by way of credit card to a lawyer's business account."

[7] SCR 20:l.15(e)(4)c provides: "A lawyer shall not make deposits to or disbursements from a trust account by way of an Internet transaction."

5

of this matter, in violation of SCR 22.03(2)[8] and SCR 22.03(6),[9] enforced via SCR 20:8.4(h).[10]

¶6 Counts 10-16 of the complaint allege, and the parties have stipulated, that Attorney Marx also committed misconduct in his representation of C.W. in a divorce. Attorney Marx violated SCR 20:1.15(e)(4)h.[11] by allowing the deposit of C.W.'s credit

---

[8] SCR 22.03(2) provides:

Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

[9] SCR 22.03(6) provides: "In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

[10] SCR 20:8.4(h) provides: "It is professional misconduct for a lawyer to: . . . . fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(6), or SCR 22.04(1)."

[11] SCR 20:1.15(e)(4)h. provides:

(continued)

Exception: Fee and cost advances by credit card, debit card or other electronic deposit. A lawyer may establish a trust account, separate from the lawyer's IOLTA account, for the purpose of receiving legal fees and costs by credit card, debit card or other electronic deposit, provided that the lawyer complies with all of the following:

1. the separate trust account shall be entitled: "Credit Card Trust Account";

2. lawyer or law firm funds, reasonably sufficient to cover all monthly account fees and charges and, if necessary, any deductions by the financial institution or card issuer from a client's payment by credit card, debit card, or other electronic deposit, shall be maintained in the credit card trust account, and a ledger for account fees and charges shall be maintained;

3. each payment of legal fees or costs by credit card, debit card or other electronic deposit, including, if necessary, a reimbursement by the lawyer or law firm for any deduction by the financial institution or card issuer from the gross amount of each payment, shall be transferred from the credit card trust account to the IOLTA account immediately upon becoming available for disbursement subject to the following requirements.

a. All advanced costs and advanced fees held in trust under sub. (b)(4) shall be transferred by check to the IOLTA account.

b. Earned fees, cost reimbursements, and advanced fees that are subject to the requirements of sub. (b)(4m) shall be transferred by check into the business account.

(continued)

7

card payment into his client trust account. He violated SCR 20:1.15(g)(1)[12] by failing to provide C.W., in writing, at least five business days prior to withdrawing his funds for payment of fees, (a) an itemized bill or other accounting showing services rendered, (b) notice of the amount owed and anticipated date of withdrawal, and (c) a statement of the balance of his funds in

---

4. within 3 business days of receiving actual notice that a chargeback or surcharge has been made against the credit card trust account, the lawyer shall replace any and all funds that have been withdrawn from the credit card trust account by the financial institution or card issuer; and shall reimburse the account for any shortfall or negative balance caused by a chargeback or surcharge. The lawyer shall not accept new payments to the credit card trust account until the lawyer has reimbursed the credit card trust account for the chargeback or surcharge.

[12] SCR 20:1.15(g)(1) provides:

Withdrawal of non-contingent fees from trust account.

(1) Notice to client. At least 5 business days before the date on which a disbursement is made from a trust account for the purpose of paying fees, with the exception of contingent fees or fees paid pursuant to court order, the lawyer shall transmit to the client in writing all of the following:

a. an itemized bill or other accounting showing the services rendered;

b. notice of the amount owed and the anticipated date of the withdrawal; and

c. a statement of the balance of the client's funds in the lawyer trust account after the withdrawal.

the trust account following the withdrawal. He violated SCR 20:1.4(a)(4)[13] by failing to respond to C.W.'s telephone calls and emails requesting information and violated SCR 22.26(1)(a),[14] enforced via SCR 20:8.4(f)[15] by failing to notify C.W. by certified mail of the suspension of his license to practice law and his consequent inability to represent him further. Additionally, he violated SCR 20:1.16(d)[16] by failing to refund unearned fees to C.W. upon termination of the representation and

---

[13] SCR 20:1.4(a)(4) provides in part: "A lawyer shall . . . promptly comply with reasonable requests by the client for information . . . .

[14] SCR 22.26(1)(a) provides: "On or before the effective date of license suspension or revocation, an attorney whose license is suspended or revoked shall do all of the following: Notify by certified mail all clients being represented in pending matters of the suspension or revocation and of the attorney's consequent inability to act as an attorney following the effective date of the suspension or revocation."

[15] 20:8.4(f) provides: "It is professional misconduct for a lawyer to violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers."

[16] SCR 20:1.16(d) provides:

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

violated SCR 20:8.4(c)[17] by making misrepresentations to the OLR. He also violated SCR 22.03(2) and SCR 22.03(6), enforced via SCR 20:8.4(h), by failing to respond to OLR's letters regarding C.W. matter.

¶7 Counts 17-22 of the complaint allege, and the parties have stipulated, that Attorney Marx committed misconduct by violating the terms of his temporary license suspension. Specifically, he failed to report his license suspension to the U.S. District Court for the Eastern District of Wisconsin, thereby violating SCR 20:3.4(c)[18] and SCR 22.26(1)(c),[19] enforced via SCR 20:8.4(f).

¶8 In addition, by failing to notify his client, J.L., of his suspension and her need to hire successor counsel, Attorney

---

[17] SCR 20:8.4(c) provides that it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

[18] SCR 20:3.4(c) provides: "A lawyer shall not: . . . . knowingly disobey an obligation under the rules of a tribunal, except for an open refusal based on an assertion that no valid obligation exists."

[19] SCR 22.26(1)(c) provides: "On or before the effective date of license suspension or revocation, an attorney whose license is suspended or revoked shall do all of the following: . . . . (c) Promptly provide written notification to the court or administrative agency and the attorney for each party in a matter pending before a court or administrative agency of the suspension or revocation and of the attorney's consequent inability to act as an attorney following the effective date of the suspension or revocation. The notice shall identify the successor attorney of the attorney's client or, if there is none at the time notice is given, shall state the client's place of residence."

Marx violated SCR 22.26(1)(a) and (b),[20] enforced via SCR 20:8.4(f), and, by continuing to represent J.L. and filing numerous documents in support of the U.S. District Court case, Attorney Marx violated SCR 22.26(2),[21] enforced via SCR 20:8.4(f).

¶9 In addition, by misrepresenting to OLR that he had notified all his active clients of his March 18, 2014 suspension, when he continued to represent J.L., Attorney Marx violated SCR 20:8.4(c).

¶10 Finally, in failing to respond to OLR's letters sent January 23, 2015 and February 18, 2015, requesting a response to OLR's inquiry, Attorney Marx violated SCR 22.03(2) and (6), enforced via SCR 20:8.4(h).

¶11 In late February 2016, the OLR and Attorney Marx executed a stipulation addressing the complaint. In addition to stipulating to the facts as set forth above, the parties

---

[20] SCR 22.26(l)(b) provides: (1) On or before the effective date of license suspension or revocation, an attorney whose license is suspended or revoked shall do all of the following: . . . . (b) Advise the clients to seek legal advice of their choice elsewhere.

[21] SCR 22.26(2) provides: "An attorney whose license to practice law is suspended or revoked or who is suspended from the practice of law may not engage in this state in the practice of law or in any law work activity customarily done by law students, law clerks, or other paralegal personnel, except that the attorney may engage in law related work in this state for a commercial employer itself not engaged in the practice of law.

11

stipulated to discipline in the form of a nine-month suspension of Attorney Marx's Wisconsin law license. The OLR filed a memorandum in support of the stipulation. The memorandum discusses attorney disciplinary cases that resulted in comparable suspensions for professional misconduct. The OLR deems analogous the matter of Disciplinary Proceedings Against Maynard, 2014 WI 13, 352 Wis. 2d 629, 845 N.W.2d 648.

¶12 Attorney Maynard's law license was suspended for one year for misconduct consisting of failing to notify his clients and the courts that his license was suspended, continuing to practice law while suspended, engaging in dishonesty, misrepresenting his license status to the court, making false statements in his affidavit of compliance, continuing to use his letterhead and making false communications that he was permitted to practice in Wisconsin, and providing false information to OLR during its investigation. See also Disciplinary Proceedings Against Wood, 2013 WI 11, Id., 345 Wis. 2d 279, 825 N.W.2d 473; Disciplinary Proceedings Against Scanlan, 2006 WI 38, 290 Wis. 2d 30, 712 N.W.2d 877. The OLR advises the court that Attorney Marx's misconduct is much like Attorney Maynard's in that Attorney Marx failed to comply with SCR 22.26, made misrepresentations regarding his license status, and provided false information to OLR.

¶13 This court reviewed the stipulation. Noting that the stipulation did not provide for restitution, the court issued an order directing the parties to consider specific modifications

to the stipulation to address whether the court should order Attorney Marx to pay restitution to two clients, D.A. and C.W.

¶14 On April 28, 2016, the parties filed a revised stipulation. The revised stipulation reiterated previous terms and also stipulated that the court should order Attorney Marx to pay restitution to D.A. in the amount of $994.50, reflecting the balance that remained in his trust account attributable to D.A. as of February 25, 2013. The parties further agreed that the court should order Attorney Marx to pay restitution to C.W. in the amount of $1,568, the amount that should be returned to C.W. after Attorney Marx's payment of the $198 filing fee and $500 worth of work that Attorney Marx performed on C.W.'s case.

¶15 The stipulation, as revised, provides that it is not the result of a plea bargain. Attorney Marx verifies that he fully understands the misconduct allegations, the ramifications if this court should impose the stipulated level of discipline, his right to contest the matter, and his right to consult with counsel. He further verifies that his entry into the stipulation was made knowingly and voluntarily, and that it represents his admission of all misconduct and his assent to the level and type of discipline sought by the OLR.

¶16 We adopt the stipulation, as revised, and the stipulated facts and conclusions of law, and impose the stipulated discipline. We agree that the seriousness of Attorney Marx's misconduct warrants the suspension of his Wisconsin law license for nine months and payment of restitution to D.A. and C.W. We agree that Attorney Marx's mismanagement of his trust

13

account evidences a careless disregard for the basic requirements of segregating trust funds from personal funds and record keeping and that his misconduct was exacerbated by his apparent indifference to making restitution. In light of the stipulation, the OLR does not seek costs, so we do not impose costs.

¶17 IT IS ORDERED that the license of Matthew H. Marx to practice law in Wisconsin is suspended for a period of nine months, effective the date of this order.

¶18 IT IS FURTHER ORDERED that Matthew H. Marx shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶19 IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement. See SCR 22.28(2).

¶20 IT IS FURTHER ORDERED that the March 18, 2014 temporary suspension of Matthew H. Marx's license to practice law in Wisconsin, due to his wilful failure to cooperate with the OLR's grievance investigation in this matter, is lifted.

¶21 IT IS FURTHER ORDERED that the administrative suspension of Matthew H. Marx's license to practice law in Wisconsin, due to his failure to pay mandatory bar dues and failure to comply with continuing legal education requirements, will remain in effect until each reason for the administrative suspension has been rectified, pursuant to SCR 22.28(1).

¶22  IT IS FURTHER ORDERED that Matthew H. Marx shall pay restitution to D.A. in the amount of $994.50, and to C.W. in the amount of $1,568.

¶23  IT IS FURTHER ORDERED that no costs are imposed in this matter.