# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2018AP497-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against David W. Schiltz, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>       Complainant,<br>   v.<br>David W. Schiltz,<br>       Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST SCHILTZ

| | |
|---|---|
| OPINION FILED: | December 28, 2018 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2018AP497-D

STATE OF WISCONSIN                    :    IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against David W. Schiltz, Attorney at Law:**

**Office of Lawyer Regulation,**

        **Complainant,**

   **v.**

**David W. Schiltz,**

        **Respondent.**

**FILED**

**DEC 28, 2018**

Sheila T. Reiff
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1 PER CURIAM. We review Referee Dennis J. Flynn's recommendation that the court declare Attorney David W. Schiltz in default and suspend his Wisconsin law license for a period of 18 months for professional misconduct in connection with: (1) his work on certain client matters; (2) his practice of law while his law license was suspended for noncompliance with mandatory continuing legal education (CLE) reporting requirements; and (3) his failure to disclose his unauthorized

practice of law in his reinstatement petition to the Board of Bar Examiners (BBE). The referee also recommended that this court order Attorney Schiltz to successfully complete 25 hours of continuing legal education (CLE) courses as deemed appropriate by the Office of Lawyer Regulation (OLR). Finally, the referee recommended that the court order Attorney Schiltz to make restitution to a former client and to pay the full costs of this proceeding.

¶2 Because no appeal has been filed, we review the referee's report pursuant to Supreme Court Rule (SCR) 22.17(2).[1] After conducting our independent review of the matter, we agree with the referee that, based on Attorney Schiltz's failure to answer the complaint filed by the OLR, the OLR is entitled to a default judgment. However, we disagree with the referee that Attorney Schiltz's professional misconduct warrants an 18-month suspension of his Wisconsin law license. We conclude, instead, that a nine-month suspension is warranted. We order Attorney Schiltz to make restitution and to successfully complete 25 hours of CLE courses as deemed appropriate by the OLR. We also

---

[1] SCR 22.17(2) provides:

> If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

find it appropriate to impose the full costs of this proceeding on Attorney Schiltz, which are $4,705.70 as of August 27, 2018.

¶3 Attorney Schiltz was admitted to practice law in Wisconsin in 1987. He had no disciplinary history prior to the filing of this complaint. His law license has been administratively suspended for failing to comply with CLE reporting requirements since May 31, 2016, and for failing to pay annual bar dues and to provide a required trust account certification since October 31, 2017.

¶4 On March 15, 2018, the OLR filed the current complaint against Attorney Schiltz. On June 25, 2018, the OLR filed an amended complaint. The amended complaint alleges a total of 25 counts of professional misconduct. The following facts are taken from the OLR's amended complaint, which, as discussed more fully below, Attorney Schiltz has admitted by default.

**Practice During Suspension (Count 1)**

¶5 On May 31, 2016, the BBE suspended Attorney Schiltz's law license due to his failure to comply with CLE reporting requirements. During his suspension, Attorney Schiltz continued to meet with clients and appear in court, primarily in estate matters. The OLR alleged in its amended complaint that this conduct gave rise to the following violation:

- Count 1: By continuing to practice law following the May 31, 2016 suspension of his law license, Attorney Schiltz

3

violated SCR 22.26(2),[2] and SCR 31.10(1),[3] enforceable via SCR 20:8.4(f).[4]

**Estate of W.E.S. (Counts 2-3)**

¶6 W.E.S. died in May 2015. In December 2015, the probate court appointed C.R. as the personal representative of W.E.S.'s estate. Because C.R. resided out of state, the court appointed Attorney Schiltz as the estate's resident agent.

¶7 At the time of his death, W.E.S. owned a 50 percent interest in certain real property. The property sold in February 2016, and Attorney Schiltz acted as the title company's disbursement agent for the sale. Attorney Schiltz received the $104,766.75 net proceeds of the sale, from which he was to disburse 50 percent of the sale proceeds ($52,383.38) to W.E.S.'s estate. He did not do so.

---

[2] SCR 22.26(2) provides:

> An attorney whose license to practice law is suspended or revoked or who is suspended from the practice of law may not engage in this state in the practice of law or in any law work activity customarily done by law students, law clerks, or other paralegal personnel, except that the attorney may engage in law related work in this state for a commercial employer itself not engaged in the practice of law.

[3] SCR 31.10(1) provides, in relevant part: "A lawyer shall not engage in the practice of law in Wisconsin while his or her state bar membership is suspended under this rule."

[4] SCR 20:8.4(f) provides: "It is professional misconduct for a lawyer to violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers."

¶8 In August 2016, C.R. retained a lawyer to represent him and the estate in an effort to obtain the sale proceeds from Attorney Schiltz. The effort was unsuccessful.

¶9 In November 2016, W.E.S.'s estate sued Attorney Schiltz and the title company to obtain the owed portion of the real estate sale proceeds. Attorney Schiltz did not appear or participate in the civil case. In April 2017, the circuit court issued a default judgment against Attorney Schiltz for $55,875.59, representing the sale proceeds plus attorney fees. By early May 2017, Attorney Schiltz had paid $52,383.38 of the judgment, which represented the sale proceeds.

¶10 Although the BBE suspended Attorney Schiltz's law license on May 31, 2016, Attorney Schiltz did not inform either C.R. or the probate court of his suspension.

¶11 The OLR alleged in its amended complaint that the conduct described above gave rise to the following two violations:

- Count 2: By failing to promptly deliver $52,383.38 to the estate of W.E.S., Attorney Schiltz violated former SCR 20:1.15(d)(1) and current SCR 20:1.15(e)(1).[5]

---

[5] Former SCR 20:1.15(d)(1) was renumbered as SCR 20:1.15(e)(1) effective July 1, 2016. The text of the rule was not changed and provides:

Upon receiving funds or other property in which a client has an interest, or in which the lawyer has received notice that a 3rd party has an interest identified by a lien, court order, judgment, or contract, the lawyer shall promptly notify the client or 3rd party in writing. Except as stated in this

(continued)

5

- Count 3: By failing to notify C.R. that his Wisconsin law license had been suspended, by failing to advise C.R. to seek successor counsel, and by failing to provide written notification of his suspension to the probate court, Attorney Schiltz violated SCR 22.26(1).[6]

**Estate of J.S. (Counts 4-8)**

---

rule or otherwise permitted by law or by agreement with the client, the lawyer shall promptly deliver to the client or 3rd party any funds or other property that the client or 3rd party is entitled to receive.

[6] SCR 22.26(1)(a), (b), and (c) provide:

(1) On or before the effective date of license suspension or revocation, an attorney whose license is suspended or revoked shall do all of the following:

(a) Notify by certified mail all clients being represented in pending matters of the suspension or revocation and of the attorney's consequent inability to act as an attorney following the effective date of the suspension or revocation.

(b) Advise the clients to seek legal advice of their choice elsewhere.

(c) Promptly provide written notification to the court or administrative agency and the attorney for each party in a matter pending before a court or administrative agency of the suspension or revocation and of the attorney's consequent inability to act as an attorney following the effective date of the suspension or revocation. The notice shall identify the successor attorney of the attorney's client or, if there is none at the time notice is given, shall state the client's place of residence.

6

¶12 J.S. died in March 2015 with $3,000 in assets. J.S.'s son, W.R.S., hired Attorney Schiltz to assist him with J.S.'s affairs.

¶13 In May 2015, Attorney Schiltz drafted and had W.R.S. sign a transfer by affidavit form, seeking to have J.S.'s $3,000 in assets transferred to W.R.S. Consistent with the form's instructions, Attorney Schiltz sent a copy of the form to the Estate and Casualty Recovery Section (ECRS) of the Wisconsin Department of Health Services.

¶14 In July 2015, and again in February 2016, the ECRS wrote to Attorney Schiltz, asking him to provide information that would determine if J.S.'s estate owed any funds to the ECRS. Attorney Schiltz did not respond.

¶15 Between February and May of 2016, W.R.S. called Attorney Schiltz 16 times to find out the status of the matter. Attorney Schiltz did not respond.

¶16 In June 2016, Attorney Schiltz told W.R.S. that he had taken care of the ECRS claim. This was false.

¶17 Later in June 2016, the ECRS again wrote to Attorney Schiltz seeking documentation and any funds owed. That same day, the ECRS contacted W.R.S. directly, who learned that the matter had not been resolved. W.R.S. provided the requested information to the State.

¶18 In July 2016, W.R.S. filed a grievance with the OLR against Attorney Schiltz. Attorney Schiltz did not cooperate with the ensuing OLR investigation. On February 13, 2017, this

court temporarily suspended Attorney Schiltz's law license for his non-cooperation.

¶19 Although the BBE suspended Attorney Schiltz's law license on May 31, 2016, Attorney Schiltz did not inform either W.R.S. or the probate court of his suspension.

¶20 The OLR alleged in its amended complaint that the conduct described above gave rise to the following five violations:

- Count 4: By failing to respond to the ECRS's attempts to contact him regarding its claim against his client, the estate of J.S., between July 2015 and June 2016, Attorney Schiltz violated SCR 20:1.3.[7]

- Count 5: By failing to respond to W.R.S.'s telephone calls between February and May 2016 requesting information regarding the status of the probate matter, Attorney Schiltz violated SCR 20:1.4(a)(4).[8]

- Count 6: By falsely informing W.R.S. that he had resolved the ECRS claim against the estate of J.S. when he had not done so, Attorney Schiltz violated SCR 20:8.4(c).[9]

---

[7] SCR 20:1.3 provides: "A lawyer shall act with reasonable diligence and promptness in representing a client."

[8] SCR 20:1.4(a)(4) provides: "A lawyer shall promptly comply with reasonable requests by the client for information."

[9] SCR 20:8.4(c) provides: "It is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

8

- Count 7: By failing to notify W.R.S. that his license to practice law had been suspended, by failing to advise W.R.S. to seek successor counsel, and by failing to provide written notification of his suspension to the probate court, Attorney Schiltz violated SCR 22.26(1).

- Count 8: By willfully failing to respond timely to the OLR's written requests for information, Attorney Schiltz violated SCR 22.03(2)[10] and SCR 22.03(6),[11] enforceable via SCR 20:8.4(h).[12]

---

[10] SCR 22.03(2) provides:

Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

[11] SCR 22.03(6) provides: "In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

[12] SCR 20:8.4(h) provides: "It is professional misconduct for a lawyer to fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(2), SCR 22.03(6), or SCR 22.04(1)."

9

**Municipal representation (Counts 9-11)**

¶21 At the time of his May 31, 2016 suspension for failure to comply with CLE reporting requirements, Attorney Schiltz had been the attorney for a particular town for several years, including acting as municipal prosecutor. Attorney Schiltz did not timely inform the town or the town's municipal judge of his suspension, nor did he timely advise the town to seek successor counsel.

¶22 From June of 2016 through at least April 30, 2017, Attorney Schiltz continued to represent the town in municipal court and other proceedings.

¶23 In May 2017, the OLR received a grievance against Attorney Schiltz concerning his representation of the town while his law license was suspended. Attorney Schiltz did not cooperate with the OLR's subsequent investigation.

¶24 The OLR alleged in its amended complaint that the course of conduct described above gave rise to the following three violations:

- Count 9: By continuing until April 30, 2017 to actively represent the town following the May 31, 2016 suspension of his law license, Attorney Schiltz violated SCR 22.26(2) and SCR 31.10(1), enforceable via SCR 20:8.4(f).

- Count 10: By failing to notify the town that his license to practice law had been suspended, by failing to advise the town to seek successor counsel, and by failing to provide written notification of his suspension to the

10

municipal court before which he had matters pending, Attorney Schiltz violated SCR 22.26(1).

- Count 11: By failing to respond timely to the OLR's written requests for information, Attorney Schiltz violated SCR 22.03(2) and SCR 22.03(6), enforceable via SCR 20:8.4(h).

**Limited Liability Partnership Representation (Counts 12-15)**

¶25 In March 2015, a condominium association filed a civil suit against a limited liability partnership (LLP) and two individuals over a dispute regarding management of the condominium. Soon after being served, the defendants hired Attorney Schiltz to represent them. Related to the representation, the LLP gave $3,305 to Attorney Schiltz to be held in trust.

¶26 In August 2016, Attorney Schiltz filed pleadings in the case. Over the next few months, Attorney Schiltz appeared at multiple scheduling conferences in the case. The court scheduled a trial. Attorney Schiltz informed his clients of that fact, but told them they did not need to appear.

¶27 In March 2017, Attorney Schiltz failed to appear at a summary judgment proceeding. Later in March 2017, neither Attorney Schiltz nor his clients appeared at the scheduled court trial. As a result of the non-appearance, the circuit court granted summary judgment against the defendants in the amount of $66,000.

¶28 Attorney Schiltz's clients made numerous attempts to contact him both before and after the circuit court's entry of

11

summary judgment against them. Attorney Schiltz was unresponsive, and did not otherwise inform his clients about the status of the case.

¶29 Eventually, Attorney Schiltz contacted his clients and told them he would move to vacate the judgment. He never did.

¶30 In early May 2017, the defendants hired a different lawyer to represent them. The successor counsel moved to overturn the judgment. The circuit court eventually reopened the case.

¶31 In July 2017, the successor counsel wrote to Attorney Schiltz, requesting the $3,305 that Attorney Schiltz was to be holding in trust. Attorney Schiltz did not respond or turn over the funds.

¶32 During the circuit court proceedings, the circuit court informed the OLR of Attorney Schiltz's conduct. Attorney Schiltz did not cooperate with the OLR's subsequent investigation.

¶33 Although the BBE suspended Attorney Schiltz's law license on May 31, 2016, Attorney Schiltz did not inform his clients or the circuit court of the suspension, nor did he timely advise his clients to seek successor counsel.

¶34 The OLR alleged in its amended complaint that the conduct described above gave rise to the following four violations:

- Count 12: By failing to notify his clients that his license to practice law had been suspended, by failing to advise them to seek successor counsel, and by failing to

12

provide written notification of his suspension to the circuit court presiding over the case, Attorney Schiltz violated SCR 22.26(1).

- Count 13: By continuing to actively represent his clients following the May 31, 2016 suspension of his law license, Attorney Schiltz violated SCR 22.26(2) and SCR 31.10(1), enforceable via SCR 20:8.4(f).

- Count 14: By failing to return the $3,305 to his former clients upon their request, Attorney Schiltz violated former SCR 20:1.15(d)(1) and current SCR 20:1.15(e)(1).

- Count 15: By failing to respond timely to the OLR's written requests for information regarding its investigation in this matter, Attorney Schiltz violated SCR 22.03(2) and SCR 22.03(6), enforceable via SCR 20:8.4(h).

**Estate of M.P.M. (Counts 16-18)**

¶35 M.P.M. died in 2016. In February 2016, Attorney Schiltz filed an application for informal probate of M.P.M.'s estate. The court named R.F. as the estate's personal representative.

¶36 In March 2016, Attorney Schiltz sent R.F. an invoice showing that he had paid $66.07 to publish a notice to creditors. In fact, he had not paid that amount, and had not published a notice.

¶37 In March 2017, Attorney Schiltz did not appear at a status conference on the estate. R.F. subsequently hired replacement counsel.

13

¶38 During the course of the probate matter, the OLR received a grievance against Attorney Schiltz regarding his handling of the matter. Attorney Schiltz did not cooperate with the OLR's subsequent investigation.

¶39 Although the BBE suspended Attorney Schiltz's law license on May 31, 2016, Attorney Schiltz did not inform R.F. or the probate court of his suspension.

¶40 The OLR alleged in its amended complaint that the course of conduct described above gave rise to the following three violations:

- Count 16: By sending an invoice showing charges totaling $66.07 for the publication of notice to creditors, which notice Attorney Schiltz never submitted for publication, Attorney Schiltz violated SCR 20:8.4(c).

- Count 17: By failing to notify R.F. that his license to practice law had been suspended, by failing to advise R.F. to seek successor counsel, and by failing to provide written notification of his suspension to the probate court, Attorney Schiltz violated SCR 22.26(1).

- Count 18: By failing to respond timely to the OLR's written requests for information regarding its investigation, Attorney Schiltz violated SCR 22.03(2) and SCR 22.03(6), enforceable via SCR 20:8.4(h).

**Matter of R.W. (Counts 19-22)**

¶41 In November of 2014, R.W. purchased a house. As part of the closing, the seller's attorney held a portion of the sale proceeds in escrow for repairs.

14

¶42 In approximately January 2015, R.W. hired Attorney Schiltz to represent him in resolving the repair issues. In April 2016, the seller's attorney filed a declaratory judgment action concerning the sale and the escrowed funds. Attorney Schiltz continued to represent R.W.'s interests, but did not enter an appearance in the declaratory judgment case.

¶43 In August 2016, an involuntary plaintiff in the matter filed for default judgment against R.W. Attorney Schiltz later sent an email to the seller's attorney and the involuntary plaintiff's attorney in which Attorney Schiltz stated that he represented R.W. He did not inform them that his law license was suspended.

¶44 The circuit court held a default hearing in the declaratory judgment case. Neither R.W. nor Attorney Schiltz appeared. The court granted the default judgment.

¶45 In September 2016, another involuntary plaintiff sought and received a default judgment against R.W. Neither R.W. nor Attorney Schiltz appeared for that hearing.

¶46 In November 2016, the court issued a declaratory judgment and closed the case.

¶47 In August 2017, R.W. filed a grievance with the OLR against Attorney Schiltz. Attorney Schiltz did not cooperate with the OLR's subsequent investigation.

¶48 Although the BBE suspended Attorney Schiltz's law license on May 31, 2016, Attorney Schiltz did not inform R.W. of his suspension.

¶49 The OLR alleged in its amended complaint that the conduct described above gave rise to the following four violations:

- Count 19: By continuing to represent R.W. following the May 31, 2016 suspension of his law license for failing to comply with CLE requirements, Attorney Schiltz violated SCR 22.26(2), and SCR 31.10(1), enforceable via SCR 20:8.4(f).

- Count 20: By failing to notify R.W. that his license to practice law had been suspended and by failing to advise R.W. to seek successor counsel, Attorney Schiltz violated SCR 22.26(1)(a) and (b).

- Count 21: By failing to inform the seller's counsel and the involuntary plaintiff's counsel of his law license suspension, Attorney Schiltz violated SCR 22.26(1)(c).

- Count 22: By willfully failing to respond timely to the OLR's written requests for information, Attorney Schiltz violated SCR 22.03(2) and SCR 22.03(6), enforceable via SCR 20:8.4(h).

**Matter of P.S. and K.S.**

¶50 In approximately September 2016, P.S. and K.S. hired Attorney Schiltz to represent them in a proposed land purchase. Attorney Schiltz did not inform P.S. and K.S. of his May 31, 2016 suspension by the BBE.

¶51 P.S. and K.S. and the property's sellers agreed to have Attorney Schiltz represent both groups. Attorney Schiltz

16

advised P.S. and K.S. that he would provide the legal services required before and during the closing.

¶52 Attorney Schiltz collected fees from the sellers for the closing, and from P.S. and K.S. to prepare a quit claim deed. In March 2017, Attorney Schiltz filed a quit claim deed that listed the wrong lot numbers.

¶53 In October 2017, P.S. and K.S. filed a grievance with the OLR against Attorney Schiltz. Attorney Schiltz did not cooperate with the OLR's subsequent investigation.

¶54 The OLR alleged in its amended complaint that the conduct described above gave rise to the following two violations:

- Count 23: By representing P.S. and K.S. and the sellers in a real estate transaction following the May 31, 2016 suspension of his law license for failing to comply with CLE requirements, Attorney Schiltz violated SCR 22.26(2), and SCR 31.10(1), enforceable via SCR 20:8.4(f).
- Count 24: By willfully failing to respond timely to the OLR's written requests for information regarding this investigation, Attorney Schiltz violated SCR 22.03(2) and SCR 22.03(6), enforceable via SCR 20:8.4(h).

**Misrepresentation to BBE (Count 25)**

¶55 On October 6, 2016, Attorney Schiltz filed a petition for reinstatement with the BBE. In it, Attorney Schiltz stated, "I have not practiced law during the time of my suspension." This statement was false.

17

¶56 On October 7, 2016, the BBE wrote to Attorney Schiltz, informing him that his petition was insufficient in several respects. Attorney Schiltz did not amend his petition, and the BBE's suspension remains in effect.

¶57 The OLR alleged in its amended complaint that the conduct described above gave rise to the following violation:

- Count 25: Given that Attorney Schiltz continued to actively represent clients between the date he was suspended, May 31, 2016, and October 6, 2016, by filing on October 6, 2016 a petition for reinstatement with the BBE that included a false representation, Attorney Schiltz violated SCR 20:8.4(c).

¶58 In April 2018, the OLR personally served the complaint and an order to answer on Attorney Schiltz. Attorney Schiltz failed to file an answer. In June 2018, the OLR served Attorney Schiltz with an amended complaint via mail to both the address he had provided to the State Bar and the address at which he had been personally served with the original complaint.[13] Again, Attorney Schiltz failed to file an answer. Attorney Schiltz also failed to appear at a July 2018 telephonic scheduling conference held by the referee, of which the referee had

---

[13] Both mailings were returned by the postal service as undeliverable.

attempted to notify Attorney Schiltz by a letter notice sent via mail and email and by phone.[14]

¶59 The OLR moved for a default judgment. The referee issued a report recommending that this court grant the OLR's motion.[15] In so doing, the referee deemed the allegations in the OLR's complaint to be established.

¶60 In its amended complaint, the OLR sought a six-month suspension of Attorney Schiltz's law license. In a brief in support of its default judgment motion, the OLR argued that a six-month suspension was consistent with In re Disciplinary Proceedings Against Scanlan, 2006 WI 38, 290 Wis. 2d 30, 712 N.W.2d 877 (six-month suspension for 21 counts of misconduct including practicing law while suspended, failing to provide notice to clients and courts concerning the suspension, failing to provide competent representation, trust account violations, and failing to timely respond to an OLR investigation; lawyer

---

[14] The referee mailed the letter notice to the address Attorney Schiltz provided to the State Bar and to the address at which he had been personally served with the original complaint. Both mailings were returned by the postal service as undeliverable. The referee also emailed the letter notice to the email address Attorney Schiltz had provided to the State Bar. The email was returned as undeliverable. The referee also attempted to telephone Attorney Schiltz regarding the scheduling conference at the phone number Attorney Schiltz had provided to the State Bar. The calls went unanswered.

[15] The referee mailed his report to the address Attorney Schiltz had provided to the State Bar and to the address at which he had been personally served with the original complaint. Both mailings were returned by the postal service as undeliverable.

had no previous discipline), and <u>In re Disciplinary Proceedings Against Baratki</u>, 2017 WI 89, 378 Wis. 2d 1, 902 N.W.2d 250 (six-month suspension for nine counts of misconduct including practicing law while suspended, making sexual comments to client, failing to act with reasonable diligence, and failing to cooperate with disciplinary investigation; lawyer had been privately reprimanded twice before).

¶61 The referee recommended a significantly longer suspension of Attorney Schiltz's Wisconsin law license: 18 months. The referee cited no precedent to support his suggested tripling of the suspension sought by the OLR, nor did he discuss the cases cited by the OLR in its brief in support of default judgment. The referee noted that no mitigating factors existed to diminish the seriousness of Attorney Schiltz's misconduct, and that Attorney Schiltz's actions "do not reflect respect for the rule of law or basic honesty." The referee additionally recommended that this court require Attorney Schiltz "to complete 25 hours of CLE credit courses in areas that are approved in advance by OLR. The courses should include ethics and trust account matters." Finally, the referee recommended that this court order Attorney Schiltz to pay the full costs of this proceeding, as well as $3,305 in restitution to the LLP referenced earlier.

¶62 Attorney Schiltz did not appeal from the referee's report and recommendation. Thus, we proceed with our review of the matter pursuant to SCR 22.17(2). We review a referee's findings of fact subject to the clearly erroneous standard. <u>See</u>

20

In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747. We review the referee's conclusions of law de novo. Id. We determine the appropriate level of discipline independent of the referee's recommendation. See In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶63 We agree with the referee that Attorney Schiltz should be declared in default. Although the OLR effected personal service of its original complaint and mailed the amended complaint to both Attorney Schiltz's office address registered with the State Bar and the address at which he was served with the original complaint, he failed to appear or present a defense. Accordingly, we deem it appropriate to declare him in default. In addition, the referee properly relied on the allegations of the complaint, which were deemed admitted. See In re Disciplinary Proceedings Against Coplien, 2010 WI 109, ¶¶10-11, 329 Wis. 2d 311, 788 N.W.2d 376. We therefore accept the referee's findings of fact based on the allegations of the amended complaint. We also agree with the referee that those findings of fact adequately support the legal conclusions of professional misconduct with respect to all counts of misconduct alleged in the complaint.

¶64 However, we disagree with the referee's recommendation that this court should impose an 18-month license suspension. As noted above, it is ultimately this court's responsibility, rather than the referee's, to determine the appropriate level of discipline. See In re Disciplinary Proceedings Against Reitz,

2005 WI 39, ¶74, 279 Wis. 2d 550, 694 N.W.2d 894. We owe no deference to the referee's recommended sanctions. See In re Disciplinary Proceedings Against Carroll, 2001 WI 130, ¶37, 248 Wis. 2d 662, 636 N.W.2d 718. In considering the appropriate sanction, this court seeks to impress upon the attorney the seriousness of the misconduct, to deter other attorneys from engaging in similar misconduct, and to protect the public, the courts, and the legal system from a repetition of the misconduct. See, e.g., In re Disciplinary Proceedings Against Grogan, 2011 WI 7, ¶17, 331 Wis. 2d 341, 795 N.W.2d 745.

¶65 Under the unique circumstances of this case, we conclude that a nine-month suspension is appropriate. In imposing this suspension, we agree with the referee's view that the six-month suspension requested by the OLR in its amended complaint is insufficient. Although the OLR correctly noted in briefing to the referee that we imposed a six-month suspension in Scanlan and Baratki, both of these cases have distinguishing features. Unlike the present case, where no mitigating factors appear present, Scanlan featured a respondent-lawyer who was remorseful and ultimately cooperative with the disciplinary process, and who suffered significant mental health and personal problems at the time of his misconduct. Scanlan, 290 Wis. 2d 30, ¶73. Additionally, the present case involves nearly three times as many misconduct counts as did Baratki (25 counts here versus nine in Baratki). On the instant facts, then, we agree with the referee that something more than a six-month suspension is required.

22

¶66 But given that Attorney Schiltz has no disciplinary history, the referee's recommended 18-month suspension seems high. We find In re Disciplinary Proceedings Against Vance, 2016 WI 89, 372 Wis. 2d 39, 886 N.W.2d 583 instructive. Like Attorney Schiltz, the respondent-lawyer in Vance had no disciplinary history. Also like Attorney Schiltz, the respondent-lawyer in Vance committed a considerable number of misconduct counts (21 counts, versus Attorney Schiltz's 25 counts). Also like Attorney Schiltz, this misconduct included failing to inform multiple clients, opposing counsel, and courts of a license suspension; continuing to practice law after a license suspension; inattentiveness to client matters; and failing to cooperate with OLR investigations. We concluded that a nine-month suspension was "clearly deserved" in Vance, as the respondent-lawyer's actions showed "a total disregard of his clients' needs and objectives, as well as of his obligations as an attorney in this state." Id., ¶38. We hold that the same length of suspension is appropriate here, for the same core reasons. See also In re Disciplinary Proceedings Against Marx, 2016 WI 75, 371 Wis. 2d 591, 882 N.W.2d 863 (nine-month suspension for 22 counts of misconduct including practicing law while suspended, mismanaging trust account matters, failing to communicate with a client, and failing to cooperate with an OLR investigation; lawyer had no disciplinary history).

¶67 We move next to the referee's recommendation that we require Attorney Schiltz to complete 25 hours of CLE courses as

23

deemed appropriate by the OLR, to include courses on ethics and trust account matters. We agree with this recommendation.

¶68 As is our normal practice, we also find it appropriate to impose the full costs of this disciplinary proceeding, which are $4,705.70 as of August 27, 2018, on Attorney Schiltz. See SCR 22.24(1m).

¶69 Finally, turning to the issue of restitution, the OLR alleged, and the referee agreed, that this court should order Attorney Schiltz to pay restitution in the amount of $3,305 to the LLP that had given Attorney Schiltz that sum to be held in trust. As explained above, Attorney Schiltz failed to return that sum to the LLP upon its request. Attorney Schiltz had multiple opportunities to object to this restitution amount before both the referee and this court. He has not done so. Thus, we determine that Attorney Schiltz should be ordered to pay restitution as the OLR requested and the referee recommended.

¶70 IT IS ORDERED that the license of David W. Schiltz to practice law in Wisconsin is suspended for a period of nine months, effective the date of this order.

¶71 IT IS FURTHER ORDERED that within 60 days of the date of this order, David W. Schiltz shall pay restitution to the above-referenced LLP in the amount of $3,305.

¶72 IT IS FURTHER ORDERED that within 60 days of the date of this order, David W. Schiltz shall pay to the Office of Lawyer Regulation the costs of this proceeding, which are $4,705.70 as of August 27, 2018.

24

¶73  IT IS FURTHER ORDERED that the restitution is to be completed prior to paying costs to the Office of Lawyer Regulation.

¶74  IT IS FURTHER ORDERED that, as a condition of his reinstatement, David W. Schiltz shall successfully complete 25 hours of CLE courses as deemed appropriate by the Office of Lawyer Regulation, to include courses on ethics and trust account matters.

¶75  IT IS FURTHER ORDERED that the February 13, 2017, temporary suspension of David W. Schiltz's license to practice law in Wisconsin, due to his willful failure to cooperate with the Office of Lawyer Regulation's investigation in this matter, is lifted.

¶76  IT IS FURTHER ORDERED that the administrative suspension of David W. Schiltz's license to practice law in Wisconsin for failing to comply with CLE reporting requirements, and for failing to pay annual bar dues and to provide a required trust account certification, will remain in effect until each reason for the administrative suspension has been rectified pursuant to SCR 22.28(1).

¶77  IT IS FURTHER ORDERED that David W. Schiltz shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶78  IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement. See SCR 22.28(3).

25